[No. 4609.]

HURD, ADMINISTRATRIX, ET AL. v. FLECK.

1. **Conveyances—Notice—Partnership.**

Where at the time of executing a conveyance of land the
title stood on the records in the name of the grantor, and the
grantee had no knowledge that any other person than the grant-
or had any interest in the land, the fact that it belonged to a non-
trading partnership of which the grantor was a member and that
the conveyance was made by the grantor in his own name with-
out any authority from other members of the partnership would
not affect the title of the grantee.

2. **Conveyances—Rescission—Quieting Title.**

In an action to rescind a contract of sale of land a decree
in favor of defendant upon his cross-complaint to quiet title
will not be disturbed on the ground that defendant had not
seasonably performed the conditions of the contract of sale by
paying the balance of the purchase price, where the decree

amply protected the plaintiffs' rights by providing that before title should be quieted the defendant should pay into court for the benefit of plaintiffs the balance of the purchase price, the payment of which had been postponed to a date subsequent to the time specified in the contract, and where the evidence tends to show that plaintiffs had by their conduct waived strict compliance by defendant with its terms as to time.

**3. Evidence—Harmless Error.**

The refusal to permit witnesses at one time to testify as to certain conversations was not prejudicial where the witnesses were subsequently during their examination permitted to detail such conversations.

**4. Conveyances—Partnership—Evidence—Declarations.**

In an action by plaintiffs, suing as heirs and personal representatives, to rescind a contract of sale of land on the ground that the land was partnership property and that the grantor, a member of the partnership, was not authorized by the other members of the partnership to convey the land, a refusal to permit plaintiffs to testify as to conversations had by them with individual members of the partnership with respect to the ownership of the land at the time the contract was executed, was not erroneous where at the time said contract was executed the record title to the land stood in the individual name of the grantor and defendant had no knowledge that the land was partnership property.

**5. Evidence—Declarations of Deceased Persons.**

Where plaintiffs suing as heirs and personal representatives testified as to certain conversations between their deceased and defendant it was not error to permit defendant to testify to the same conversations.

*Error to the County Court of Eagle County:*
*Hon. P. Tague, Judge.*

Mr. A. J. STERLING, for plaintiffs in error.

Mr. L. R. THOMAS and Mr. P. W. MONAHAN, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The plaintiffs in error, as plaintiffs below, brought this action to rescind a contract of sale of real estate made with defendant by one purporting

to be its sole owner, but which, as it is alleged, was owned in part by other persons to whose interests plaintiffs in their individual and representative capacities have succeeded. All the former alleged owners are dead and plaintiffs sue as their heirs at law and personal representatives. The complaint asks for relief upon two grounds: First, that at the time the contract of sale was made the land in question was owned by three members of a nontrading or noncommercial copartnership, and that only one of them made the contract, and that he did so, to defendant's knowledge, wrongfully and without any authority whatever from either of the other two; second, assuming the authority of the contracting partner to sell, and that the contract was valid when made, the defendant has forfeited his rights thereunder, and plaintiffs are entitled to its rescission, by its express terms, because of a failure of defendant to perform the conditions and covenants which were thereby devolved upon him.

The answer denies the existence of the copartnership and its ownership of the lands in question and defendant's knowledge of the same, and avers the validity of the contract and the full performance by defendant of every condition which he was required to perform up to the time of the bringing of the action; and by way of cross-complaint sets up a state of facts which, if established by proof, authorizes a decree quieting title in him.

After demurrer to the answer, its various defenses and cross-complaint, on the ground of insufficiency, was overruled, plaintiffs by replication put in issue its affirmative averments. At plaintiffs' request a jury was called, which, in answer to a number of interrogatories propounded by the court, made specific findings of fact which were in favor of the defendant upon all the material questions in issue.

Only a few of the many assignments of error argued merit consideration. At the threshold we observe that by the failure of plaintiffs in error to include in the abstract of the record a copy of or reference to the decree and the special findings made by the jury, which were confirmed and added to by the court, the writ might summarily be dismissed under rule 14. Since, however, the few questions involved are easily disposed of, we proceed to take them up in their order.

The proposition advanced by plaintiffs in error that one of several members of a nontrading or noncommercial copartnership cannot sell or convey land owned by the copartnership without authority of his associates is not material here. If it be conceded that when the contract of sale was made the land was owned by the copartnership and that the contracting member had no authority from the others to sell it, defendant's rights are not thereby affected unless he had actual knowledge or means of knowledge of the facts, because the title of the lands stood upon the records of the county in the name of the proposed grantor. Upon conflicting evidence the jury made a finding, which the court approved, that the defendant had no knowledge or means of knowledge that the land belonged to any person other than the one who appeared by the records to be the sole owner. We do not say that the partnership existed as alleged by plaintiffs in error, or that it was the owner of the land. Both the jury and the court found against plaintiffs' claim in this respect. We merely say that if plaintiffs' contention be conceded they cannot prevail here, because defendant believed, and had a right to believe, that he was making the contract with the sole owner of the land.

The findings of the jury, which were approved by the court, and the court's own independent and

separate findings, made upon conflicting evidence, were that defendant had made full compliance with all of the conditions of the contract to be by him performed up to the time of the beginning of the action. Under the well recognized rule in this jurisdiction, the findings should not be disturbed. The court in its decree provided that before title should be quieted in defendant he must deposit in the court for the benefit of the plaintiffs a certain amount of money the payment of which had been postponed to a date subsequent to the time specified in the written contract. Hence, the rights of the plaintiffs are fully protected.

Had not these specific findings as to performance been made, still the evidence tends to show that the parties to the contract and their successors in interest by their conduct waived strict compliance by the defendant with its terms as to time. It would be inequitable, therefore, to rescind it upon the ground that the defendant failed seasonably to perform, as it is clear the rights of the plaintiffs in error could be, and were, amply protected by the decree, as already stated, while defendant's rights would be altogether destroyed if the contract was not enforced.

But the plaintiffs in error complain that these findings of fact were based in part upon incompetent and inadmissible evidence. One complaint is that some of their witnesses were not permitted, over the objections of defendant, to testify to conversations had by them with individual members of the alleged copartnership with respect to the ownership of the land in controversy at the time the contract was executed. This objection is without merit for several reasons: While the record shows that some of the witnesses were not, at one time, permitted so to testify, they did, nevertheless, during their fur-

ther examination, detail these alleged conversations, and other witnesses were, without objection, permitted to testify at length to such declarations of the members of the copartnership before and after the contract was made. If such testimony was admissible at all (as to which we express no opinion), certainly the plaintiffs in error were not deprived of its benefit. Besides, there was no error in excluding this testimony, even if admissible, because of the specific finding that the defendant had no knowledge that the land was the property of a copartnership, if such is the fact.

Further complaint is made that the court permitted the defendant to testify to conversations which he had with members of this copartnership, all of whom were dead at the time of the trial. As plaintiffs in error were suing in a representative capacity, this objection might be good under our statute, were it not for the fact that plaintiffs themselves previously testified to the same conversations.

There are other substantial reasons for affirming the judgment, but the foregoing are sufficient. It is accordingly affirmed.          *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.